UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAY G. KIMPEL,

                Plaintiff,

     v.

BRUK, *et al.*,

                Defendants.

Case No. 25-486-BHS-MLP

REPORT AND RECOMMENDATION

       This is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff Jay G. Kimpel previously submitted a prisoner civil rights complaint and an application to proceed *in forma pauperis* ("IFP"). (*See* dkt. ## 1, 1-1.) Mr. Kimpel's complaint alleged claims against Home Depot, a private company, and Mr. Bruk, a private citizen, for injuries allegedly sustained when he was apprehended by Mr. Bruk, a Home Depot security officer, during a shoplifting incident. (*See* dkt. # 1-1 at 4-5.)

       On March 21, 2025, the Court declined to serve Mr. Kimpel's complaint because he had not named a viable defendant. The Court granted Mr. Kimpel leave to amend his complaint within 30 days of its Order and advised him that failure to file an amended pleading would result in a recommendation for dismissal of the action. (Dkt. # 4 at 2.)

REPORT AND RECOMMENDATION - 1

On April 4, 2025, Mr. Kimpel filed a First Amended Complaint ("FAC"). (Dkt. # 5.) Mr. Kimpel's FAC alleges that Home Depot hired Mr. Bruk to provide private security services, that Mr. Bruk operated with a license issued by the state of Washington, and that Mr. Bruk violated his due process rights by attacking and punching him—contrary to Home Depot's no touch policy for shoplifters. (*Id.* at 1-2)

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Acting "under color of state law" requires that a defendant exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Mr. Kimpel alleges that he was held in the store by a private employee who used excessive force, following which police officers arrived and arrested him. (*See* dkt. # 5.) He does not claim that Mr. Bruk was endowed by law with powers effectively making him a de facto police officer. Although Mr. Kimpel asserts that Mr. Bruk knowingly violated Home Depot's "no touch" policy, he does not provide information suggesting Mr. Bruk acted under color of state law. (*Id.*) To the contrary, although he claims unlawful detention, he indicates that law enforcement officers took him to King County Jail. "Generally, the acts of private security guards, hired by a store, do not constitute state action under § 1983." *Stanley v. Goodwin*, 475 F. Supp. 2d 1026, 1038 (D. Haw. 2006).

Furthermore, Mr. Kimpel does not allege a violation of a protected constitutional or federal right by the Defendants. His claims of physical assault and battery, personal injury, and

false arrest are tort claims. Consequently, while Mr. Kimpel's allegations may constitute a state tort claim, they are not currently cognizable in federal court.

Because Mr. Kimpel's amended complaint has not corrected the deficiencies identified by the Court, this action must be dismissed. Accordingly, the Court recommends that Mr. Kimpel's complaint (dkt. # 1-1) and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further recommends Mr. Kimpel's application to proceed IFP (dkt. # 1) be denied as moot. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 6, 2025**.

The Clerk is directed to send copies of this Report and Recommendation to Plaintiff and to the Honorable Benjamin H. Settle.

Dated this <u>15th</u> day of April, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3